# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | No. 3:12-CR-00012-01 |
| ) | Judge Campbell |
| **RICKY R. INGRAM, SR.** ) | |

### ORDER OF FORFEITURE CONSISTING OF UNITED STATES CURRENCY MONEY JUDGMENTS AS TO COUNTS ONE AND NINE IN THE AMOUNT OF $32, 150 UNITED STATES CURRENCY AND AS TO COUNTS FOURTEEN AND TWENTY-EIGHT IN THE AMOUNT OF $156,139.39 UNITED STATES CURRENCY

**WHEREAS**, based on the representations and agreements of the Government and Defendant Ricky R. Ingram, Sr. ("Ingram") at the plea hearing in this matter including the statement of facts, other evidence presented during the course of this lawsuit and the Plea Agreement entered into between the parties, the Court finds as follows:

1. On January 19, 2012, the Government filed a Thirty-Six count Indictment charging, in pertinent part, Defendant Ingram and (1) co-defendant Tommy L. Walton, Sr., ("Walton, Sr.") at Count One with violations of 18 U.S.C. §§ 2, 1341, 1346 (mail fraud), Count Nine with violations of 18 U.S.C. §§ 2, 1343, 1346 (wire fraud) and (2) co-defendant Tommy L. Walton, II, ("Walton, II") at Count Fourteen with violations of 18 U.S.C. §§ 2, 1341, 1346 (mail fraud), and Count Twenty-Eight with violations of 18 U.S.C. §§ 2, 1343, 1346 (wire fraud);

2. The forfeiture allegation of the Indictment gave notice pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) that upon conviction of the mail and wire fraud offenses alleged in Counts One through Thirty-Six Defendant Ingram shall forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violations. The property to be forfeited includes but is not limited to money judgments in the

amount of $32,150.00 United States currency which represents proceeds of the offenses of mail and wire fraud alleged in Counts One through Thirteen and money judgments in the amount of $156,139.39 United States currency which represents proceeds of the offenses of mail and wire fraud alleged in Counts Fourteen through Thirty-Six;

3. The forfeiture allegation of the Indictment gave notice to Defendant Ingram that in the event the $188,289.39 United States currency in proceeds, as a result of any act or omission of Defendant Ingram:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property and intends, pursuant to 21 U.S.C. § 853(p) to seek forfeiture of any other property of Defendant Ingram up to $32,150 United States currency as to Counts One and Nine and $156,139.39 United States currency as to Counts Fourteen and Twenty-Eight in this matter (a total of $188,289.39 United States currency).

4. Defendant Ingram has entered into a Plea Agreement with the United States wherein he has pled guilty to Counts One, Nine, Fourteen, and Twenty-Eight of the Indictment;

5. Defendant Ingram acknowledges in his Plea Agreement that $188,289.39 United States currency is subject to forfeiture because the funds constitute proceeds of the fraudulent scheme alleged in Counts 1, 9, 14 and 28 of the Indictment, and consents to the entry of a money judgment prior to sentencing in the amount of $188,289.39 United States currency;

6. As a result of Defendant Ingram's criminal behavior, the $188,289.39 in proceeds obtained as a result of the scheme to defraud as alleged in Counts One, Nine, Fourteen, and Twenty-Eight of the Indictment, either cannot be located upon the exercise of due diligence;

have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), the United States is entitled to forfeiture of substitute property;

7. There is a preponderance of the evidence that the proceeds of the scheme to defraud as set forth in the offenses to which Defendant Ingram has pled guilty in this matter total $188,289.39 United States currency, and more specifically that

    a. $32,150 United States currency, representing the amount of proceeds obtained as a result of the offenses of mail and wire fraud alleged in Counts One and Nine is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461(c).

    b. $156,139.39 United States currency, representing the amount of proceeds obtained as a result of the offenses of mail and wire fraud alleged in Counts Fourteen and Twenty-eight is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461(c); and

8. As a result of Defendant Ingram's criminal behavior, the $32,150 United States currency and $156,139.39 United States currency obtained as a result of the scheme or artifice to defraud to which Defendant Ingram has pled guilty, either cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), the United States is entitled to forfeiture of substitute property up to $32,150 United States currency as to Counts One and Nine and $156,139.39 United States currency as to Counts Fourteen and Twenty-Eight.

NOW THEREFORE it is hereby **ORDERED, ADJUDGED AND DECREED** that:

A.  An Order of Forfeiture Consisting of United States currency Money Judgments as to Counts One and Nine in the amount of $32,150 United States currency and as to Counts Fourteen and Twenty-Eight in the amount of $156,139.39 United States currency is hereby taken against Defendant Ingram. Pursuant to Federal Rule of Criminal Procedure, Rule 32.2(b)(4), the Order of Forfeiture consisting of Money Judgments shall become immediately final as to the Defendant, by his consent, and shall be made part of the sentence and included in the judgment. Pursuant to Rule 32.2(c)(1), ". . . no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

B.  It is Ordered that Defendant Ingram and co-defendant Walton, Sr., are jointly and severally liable for the $32,150 United States currency Money Judgments.

C.  It is Ordered that Defendant Ingram is liable for $156,139.39 United States currency Money Judgments. Co-defendant Walton, II, is jointly and severally liable up to $95,211.38 United States currency.

D.  It is Ordered that the United States may engage in discovery in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action or claim for a debt to identify additional substitute assets having a value up to $32,150 United States currency as to Counts One and Nine and $156,139.39 United States currency as to Counts Fourteen and Twenty-Eight as authorized by 28 U.S.C. §§ 3001(a)(1) and 3015 *et seq.*

E.  It is Ordered that the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture Consisting of United States currency Money Judgments as to Counts One and Nine in the amount of $32,150 United States currency and as to Counts Fourteen and Twenty-Eight in the amount of $156,139.39 United States currency to include

substitute property having a value not to exceed in total $32,150 United States currency as to Counts One and Nine and $156,139.39 United States currency as to Counts Fourteen and Twenty-Eight to satisfy the Money Judgments in whole or in part.

F. Any payment received, by any Defendant in this case, on a money judgment for Count One will act to reduce the money judgment on Count Nine and vice versa. Any payment received on a money judgment for Count Fourteen will act to reduce the money judgment on Count Twenty-Eight and vice versa. Upon the payment of the money judgments in full, the United States will file a Satisfaction of Judgment with the District Court and the appropriate clerk of the county in which any transcript or abstracts of the judgments have been filed.

G. Insofar as the Order of Forfeiture is not satisfied, and a sum of money is still owed, then Defendant shall remain liable pursuant to this Order of Forfeiture, which will continue in full effect until payment of the total amount of $32,150 United States currency as to Counts One and Nine and $156,139.39 United States currency as to Counts Fourteen and Twenty-Eight plus statutory interest is made in full as to either money judgment.

H. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED** this _____ day of _____, 2013.

_____
TODD J. CAMPBELL
United States District Judge